UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ARLEATHA B. JACKSON, </br></br>Plaintiff,</br></br>v.</br></br>KROGER CO. & DON EMMONS,</br></br>Defendants. | Case No. 10-cv-1246 |

## O R D E R  &  O P I N I O N

This matter is before the Court on Defendants' Motion to Dismiss Donald H. Emmons as a Defendant and Memorandum in Support. (Docs. 13 & 14). Plaintiff, appearing *pro se*, timely filed her Response. (Doc. 16). For the following reasons, the motion is GRANTED.

### LEGAL STANDARD

"In ruling on Rule 12(b)(6) motions, the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.*, 589 F.3d 901, 904 (7th Cir. 2009) (*citing Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). To survive a motion to dismiss under 12(b)(6), a plaintiff's complaint must "plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *EEOC v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-63 (2007)). Though detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 547. "The

complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Bissessur v. Indiana University Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009) (*quoting Twombly*, 550 U.S. at 557; *Tamayo*, 526 F.3d at 1084). "A claim has facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (*quoting Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).

## DISCUSSION[1]

Plaintiff is an African American woman who was employed as a clerk/cashier at a Kroger grocery store in Peoria, Illinois. (Doc. 1 at 4-5). On December 31, 2008, Plaintiff was discharged when she was accused of giving a patron $500.00 for a lottery ticket that she failed to validate. (Doc. 1 at 9). According to Plaintiff, a similarly situated co-worker, who was not African American, was not discharged when he or she also lost the store a substantial amount of money. (Doc. 1 at 9).

Plaintiff filed a charge with the Equal Employment Opportunities Commission ("EEOC") naming Kroger as Respondent. (Doc. 1 at 1-2) She was issued a right to sue letter on April 26, 2010. (Doc. 1 at 8). Accordingly, on August 11, 2010, Plaintiff filed her Complaint with this Court. (Doc. 1). In her Complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5 ("Title VII"), Plaintiff has named as Defendants Kroger Co. and Don Emmons. (Doc. 1). It appears that Don Emmons was the manager who accused Plaintiff of theft in 2008, leading to her discharge. (Doc. 16 at 2).

---

[1] All facts are based upon the allegations in Plaintiff's Complaint. They are taken as true for the purposes of this Motion according to the applicable legal standard.

2

On October 8, 2010, Defendant Emmons ("Emmons") filed a Motion to Dismiss pursuant to Federal Rule 12(b)(6). According to Emmons, Plaintiff fails to state a claim against him upon which relief can be granted because (1) the Complaint makes no allegations against him, (2) the Charge of Discrimination filed with the EEOC failed to mention him, and (3) he cannot be held individually liable under Title VII. (Doc. 14 at 1-2). Plaintiff filed her Response with the Court on October 26. (Doc. 16).

Title VII makes it unlawful for employers to engage in discriminatory actions against its employees or applicants for employment based upon various factors, including race. 42 U.S.C. §2000e-2(a). The Act defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees." § 2000e. While Title VII is "essentially silent on the issue of individual liability," in *Williams v. Banning*, 72 F.3d 552 (7th Cir. 1995), the Seventh Circuit held that "a supervisor does not, in his individual capacity, fall within Title VII's definition of employer." Because Plaintiff is suing Emmons in his individual capacity for his role in charging her with theft (Doc. 16 at 2), and Title VII does not provide a remedy against supervisors in their individual capacity, she can state no claim against him under Title VII.[2]

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss Donald H. Emmons as a Defendant (Doc. 13) is GRANTED, and Plaintiff's claim against him is

---

[2] Because Emmons cannot be held individually liable under Title VII for his role as Plaintiff's supervisor, the Court need not discuss whether Plaintiff's failure to name Emmons in her EEOC Charge of Discrimination or make allegations against him in her Complaint constitute cause for dismissal under 12(b)(6).

DISMISSED WITH PREJUDICE. The case is REFERRED back to Magistrate Judge Cudmore for further pre-trial proceedings on Plaintiff's claim against Defendant Kroger. IT IS SO ORDERED.

Entered this <u>1st</u> day of November, 2010.

                                                             s/ Joe B. McDade
                                              JOE BILLY McDADE
                                  United States Senior District Judge