## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| ARLEATHA B. JACKSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KROGER COMPANY, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No. 10-cv-1246 |

## O R D E R  &  O P I N I O N

Before the Court is Plaintiff's Motion to Amend her Complaint, filed on December 2, 2010 (Doc. 19). Defendant filed a Response on December 7, 2010 (Doc. 23). For the following reasons, Plaintiff's Motion is GRANTED in part and DENIED in part.

### DISCUSSION

Plaintiff, proceeding *pro se*, filed her original Complaint (Doc. 1) on August 11, 2010, seeking redress for alleged employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e-5.[1] In her Complaint, Plaintiff named as Defendants Kroger Co., her previous employer, and Don Emmons, who is alleged to have been Plaintiff's former manager. (Doc. 1). On October 8, 2010, Defendant Emmons filed a Motion to Dismiss (Doc. 13), which this Court granted on November 1, 2010 (Doc. 17). The Court granted Defendant Emmons' Motion to Dismiss based upon a finding that Title VII does not provide a

---

[1] Plaintiff filed the form Complaint against Employment Discrimination. (Doc. 1).

remedy against supervisors in their individual capacities, thus defeating any claim for relief against him pursuant to that statute. (Doc. 17 at 3).

In her Motion to Amend, Plaintiff seeks to bring additional claims pursuant to 42 U.S.C. §§ 1981, 1981(a), 1983, 1986, 2000e, "and all of the title 42 statutes." (Doc. 19 at 1). With the addition of these claims, Plaintiff seeks to have Defendant Emmons brought back into the suit because of his status as Plaintiff's manager, who she alleges "had the authority to hire and fire and signed his name as store manager/supervisor." (Doc. 19 at 2). Defendant Kroger opposes the Motion, arguing that as drafted it would not survive a motion to dismiss pursuant to Rule 12(b)(6), and that Plaintiff fails to plead any type of state action to support a § 1983 claim, or that there is any basis for liability under § 1986. (Doc. 23 at 1-2).

Pursuant to Federal Rule of Civil Procedure 15(a), the Court should freely grant parties leave to amend their pleadings when justice so requires. Further, *pro se* pleadings are held to less exacting standards than those prepared by counsel and are to be liberally construed." *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Here, it appears to the Court that Plaintiff is attempting to allege claims against Defendant Kroger that she did not include in her original Complaint in order to bring Defendant Emmons back into the lawsuit.[2]

---

[2] The Plaintiff's Motion is entitled "Motion to Amend; Additional Defendant," and after listing the additional statutes she wishes to bring claims under, she asks the Court to therefore add Defendant Don Emmons to the action as he was the manager of the store from which she was terminated. (Doc. 19). This would also be consistent with Court's previous Opinion and Order, which dismissed Defendant Emmons because Plaintiff could not allege a claim against him pursuant to Title VII.

Based upon the allegations in Plaintiff's original Complaint and the instant Motion, the Court can find no basis for any claims against Defendant Kroger or Don Emmons pursuant to 42 U.S.C. § 1983 or § 1986. Nor can the Court discern any cause of action Plaintiff is entitled to bring pursuant to Plaintiff's request to add claims under 2000e or "all of the title 42 statutes." However, Plaintiff may be able to support a claim pursuant to 42 U.S.C. § 1981.

Section 1981 imposes civil liability upon persons who discriminate based upon race in "the making, performance, modification, and termination of contracts." 42 U.S.C. § 1981(a)-(b). Further, an individual may be liable under § 1981 if that individual is shown to have intentionally participated in the alleged discrimination against a plaintiff. *See Behnia v. Shapiro*, 961 F.Supp. 1234, 1237 (N.D. Ill. 1997). Therefore, Plaintiff may be able to support a claim against Emmons in his individual capacity pursuant to § 1981. Although the Court dismissed Plaintiff's claim against Emmons pursuant to Title VII with prejudice, it would be contrary to the interests of justice to now foreclose her from bringing a claim against him pursuant to § 1981, especially in light of her *pro se* status.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend is GRANTED in part and DENIED in part. Plaintiff is given leave to file, within 21 days, an amended complaint including a claim against the previously dismissed Defendant Emmons pursuant to 42 U.S.C. § 1981. Plaintiff may not include claims pursuant to § 1983, § 1986, or any other additional claims pursuant to §2000-e or other Title 42 statutes. Plaintiff is cautioned that the section 1981 claim must meet the pleading

requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and its progeny.  IT IS SO ORDERED.


Entered this 4th day of January, 2011.

                                                    s/ Joe B. McDade
                                                   JOE BILLY McDADE
                                 United States Senior District Judge