E-FILED
Thursday, 12 May, 2011 04:04:59 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| ARLEATHA B. JACKSON, | ) |
| Plaintiff, | ) |
| -vs- | ) No. 10-CV-1246 |
| KROGER COMPANY, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Before the Court is Defendant Kroger Company's Motion to Dismiss (d/e 26) wherein Defendant requests that this case be dismissed for want of prosecution.

On January 4, 2011, U.S. District Judge Joe Billy McDade entered an Order and Opinion (d/e 24) allowing *pro se* Plaintiff's Motion to Amend (d/e 19) in part. Plaintiff was given twenty-one days to file her amended complaint in accordance with rulings in Judge McDade's Opinion. To date, *pro se* Plaintiff has not done so.

On March 29, 2011, Defendant filed a Motion to Compel Discovery (d/e 25) complaining that Plaintiff had not responded to interrogatories and

requests to produce documents served on January 10, 2011.  Defendant stated that repeated attempts by mail and telephone had garnered no response from Plaintiff.  Plaintiff did not file a response to Defendant's Motion to Compel and on March 31, 2011, the undersigned entered a text order directing Plaintiff to file a written response by April 15, 2011.  No response was filed and the Motion to Compel (d/e 25) was allowed by the undersigned via text order of April 18, 2011.  In that text order, *pro se* Plaintiff was ordered to comply with Defendant's outstanding discovery requests by May 5, 2011 or risk dismissal of her case for want of prosecution.

Defendant's Motion to Dismiss (d/e 26) filed May 10, 2011, states that no communication has been received by it from Plaintiff.  Further, as evidenced by the Clerk's docket of the case, Plaintiff has not had any contact with the court file of this case since participating in the Rule 16 Scheduling Conference on December 7, 2010.

Therefore, based upon the history of the litigation and pro se Plaintiff's failure to comply with Court orders, the Court recommends that Defendant Kroger Company's Motion to Dismiss (d/e 26) be allowed and this matter be dismissed with prejudice for want of prosecution.

Analysis

The Federal Rules of Civil Procedure authorize, under certain circumstances, a district court to dismiss a party or a claim from a suit as a sanction for a party's conduct. The United States Court of Appeals for the Seventh Circuit has noted that the dismissal of a party's suit is a "draconian" sanction. Marrocco v. General Motors Corp., 966 F.2d 220, 223-24 (7th Cir. 1992). Nevertheless, the Seventh Circuit has also held that a district court need not impose lesser sanctions before resorting to dismissal. Halas v. Consumer Servs., Inc., 16 F.3d 161, 165 (7th Cir. 1994).

Federal Rule of Civil Procedure 41(b) provides, in relevant part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Id. The United States Court of Appeals for the Seventh Circuit has explained that "Rule 41(b) serves not only to protect defendants but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from engaging in similar dilatory behavior. The rule is an expression of an inherent power . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious

disposition of cases." 3 Penny Theater Corp. v. Plitt Theatres, Inc., 812 F.2d 337, 340 (7th Cir. 1987)(internal quotations omitted).

Furthermore, Federal Rule of Civil Procedure 37(b)(2) provides, in relevant part, that if a party fails "to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following:  . . . (v) dismissing the action or proceeding in whole or in part;".  Thus, sanctions are appropriate under Rule 37(b)(2) when a party fails to comply with discovery orders and when the district court finds "willfulness, bad faith or fault" to justify the sanction. Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir. 1996).  The "fault" required to sustain dismissal under Rule 37 does not refer to the "non-complying party's subjective motivation" but to the lack of reasonableness "which eventually culminated in the violation." Langley by Langley v. Union Elec. Co., 107 F.3d 510, 514 (7th Cir. 1997)(quotations and citations omitted).

In short, the Seventh Circuit has opined:

Because of its severity, we have circumscribed the range of cases in which dismissal may be used as a sanction.  Looking at the case law, we find two different standards for determining whether a case can properly be dismissed.  Some of our cases have held that actions can be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." Williams v. Chicago Bd. of Educ., 155 F.3d 853, 857 (7th Cir. 1998); Schilling v.

> Walworth County Park & Planning Com'n, 805 F.2d 272, 278
> (7th Cir. 1986). This appears to be the standard used when
> cases are dismissed for want of prosecution or failure to comply
> with orders of the court, Fed. R. Civ. P. 41(b). A slightly
> different requirement–a finding of willfulness, bad faith or
> fault–comes into play when dismissals are used specifically as
> a discovery sanction under Fed. R. Civ. P. 37. In re Golant,
> 239 F.3d 931, 936 (7th Cir. 2001); Langley v. Union Elec. Co.,
> 107 F.3d 510, 514 (7th Cir. 1997); cf. In re Rimsat, Ltd., 212
> F.3d 1039, 1046-47 (7th Cir. 2000)(requiring a finding of bad
> faith when a district court dismisses a case under the inherent
> powers of the court). That is, even without "a clear record of
> delay, contumacious conduct or prior failed sanctions," a court
> can apply the sanction of dismissal for Rule 37 violations with a
> finding of willfulness, bad faith or fault, as long as it first
> considers and explains why lesser sanctions would be
> inappropriate. See Long v. Steepro, 213 F.3d 983, 986 (7th Cir.
> 2000); Schilling, 805 F.2d at 278 ("When a clear record of
> delay, contumacious conduct, or prior failed sanctions does not
> exist, the exercise of judicial discretion requires that the district
> court consider and explain the inappropriateness of lesser
> sanctions."); Shepherd v. Am. Broad. Cos., 62 F.3d 1469,
> 1478-79 (D.C. Cir. 1995)(requiring that courts provide a
> "specific, reasoned explanation for rejecting lesser sanctions"
> and collecting cases requiring same).

Maynard v. Nygren, 332 F.3d 462, 467-68 (7th Cir. 2003)(footnote omitted).

In the instant case, the Court believes that, based upon the history of *pro se* Plaintiff's conduct herein, a dismissal of his case is an appropriate sanction under both Rule 37's and Rule 41's standards. See Id. at 468 (explaining that "[f]or Rule 41(b) dismissals, the record of delay, contumacious conduct or prior failed sanctions must be 'clear'" and "that, considering the severe and punitive nature of dismissal as a discovery

sanction, a court must have clear and convincing evidence of willfulness, bad faith or fault before dismissing a case."). Plaintiff has been made aware of her discovery obligations and has failed to respond to Defendant's requests or this Court's orders. Clearly, *pro se* Plaintiff has no interest in pursuing this case.

Based upon these facts, the Court recommends that the District Court sanction *pro se* Plaintiff by allowing Defendant's motion to dismiss and dismissing the above captioned case. The Court believes that Plaintiff has established a clear record of delay that justifies a dismissal pursuant to Rule 41(b). Likewise, the Court believes that dismissal is appropriate under Rule 37(b) because Plaintiff has willfully declined to follow the orders of this Court. Although Plaintiff is proceeding *pro se* in this cause, and although *pro se* litigants are given wide latitude, *pro se* litigants do not enjoy "unbridled license to disregard clearly communicated court orders," nor are they entitled to a general dispensation from the rules of civil procedure or court-imposed deadlines. Downs, 78 F.3d at 1257. On the contrary, the United States Supreme Court has held: "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." McNeil v. United States, 508 U.S. 106, 113 (1993). Accordingly,

the Court recommends dismissal with prejudice of the above-captioned case.

## Conclusion

For all of the above reasons, the Court RECOMMENDS that Defendant Kroger Company's Motion to Dismiss (d/e 26) be allowed and that this matter be dismissed with prejudice due to the *pro se* Plaintiff's clear indication that she is not prosecuting this cause of action.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within 14 days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTERED May 12, 2011

_____s/ Byron G. Cudmore_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE